IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE REYES, an individual; LOURDES SANTOS-REYES, an individual,<br><br>          Plaintiffs,<br><br>   v.<br><br>WMC MORTGAGE CORPORATION, a California Corporation; OCWEN LOAN SERVICING LLC, a Delaware Limited Liability Company; WELLS FARGO BANK, N.A.; TD SERVICE COMPANY, a Business Entity, form unknown; CRESTLINE FINANCIAL & MARKETING SERVICE, a Business Entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation,<br><br>          Defendants.<br>_____/ | No. C 11-01988 CW<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING DEFENDANTS' MOTION TO EXPUNGE LIS PENDENS |

INTRODUCTION

Defendants Ocwen Loan Servicing, LLC; Wells Fargo Bank, N.A., as Trustee for the Pooling and Servicing Agreement Dated as of June 1, 2004 Merrill Lynch Mortgage Investors Trust Mortgage Loan Asset-Backed Certificates, Series 2004-WMC4, erroneously sued as Wells Fargo Bank, N.A.; Mortgage Electronic Registration Systems, Inc. (MERS); and WMC Mortgage Corporation move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

---

[1] Defendants Ocwen, Wells Fargo and MERS filed a joint motion. Defendant WMC filed separately.

Additionally, Defendants Ocwen, Wells Fargo and MERS move to expunge a lis pendens. Pro se Plaintiffs Jose Reyes and Lourdes Santos-Reyes oppose these motions.[2] All Defendants replied. The motions were taken under submission and decided on the papers. Having considered the papers filed by the parties, the Court GRANTS the motions to dismiss (Docket Nos. 7 & 17), GRANTS leave to amend some of the claims, and DENIES the request to expunge the lis pendens (Docket No. 43).

## BACKGROUND

On January 8, 2004, the Reyeses obtained two loans from WMC Mortgage Corporation to purchase real property located at 2613 Glen Harwick Court, San Jose, California. Def. Wells Fargo's Request for Judicial Notice (RJN), Exs. 1 & 2. The first loan was a $448,000 adjustable rate loan secured by a first Deed of Trust (FDOT).[3] Def. Wells Fargo's RJN, Ex. 1. The second loan was a $112,000 loan with a balloon payment secured by a second Deed of Trust (SDOT). Def. Wells Fargo's RJN, Ex. 2. On September 10, 2009, the FDOT was assigned to Wells Fargo as Trustee. Def. Wells Fargo's RJN, Ex. 3. On September 11, 2009, T.D. Service Company was substituted as the trustee under the

---

[2] The Reyeses also oppose Defendants' Requests for Judicial Notice. The Court grants these requests. See Fed. R. Civ. P. 12(d); Mir v. Little Co., 844 F.2d 646, 649 (9th Cir. 1988) (a court may take judicial notice of matters of public record without converting motion to dismiss into motion for summary judgment).

[3] The Reyeses state that "this complaint pertains to the first mortgage." Compl. ¶ 17.

2

FDOT. Def. Wells Fargo's RJN, Ex. 4. On September 23, 2009, a Notice of Default was recorded because the Reyeses were delinquent on their payments on the first mortgage. Def. Wells Fargo's RJN, Ex. 5. On December 24, 2009, a Notice of Trustee's Sale was recorded for the FDOT with the Santa Clara County Recorder. Def. Wells Fargo's RJN, Ex. 6. Three days later, on December 27, 2010, Wells Fargo purchased the property at the trustee's sale and a Notice of Trustee's Deed Upon Sale was recorded. Def. Wells Fargo's RJN, Ex. 7. On March 22, 2011, the Reyeses filed this action in state court. On April 22, 2011, Defendants Ocwen, Wells Fargo and MERS[4] removed this action to federal district court.

In their complaint, the Reyeses make several allegations against Defendants, distinguishing only minimally the alleged conduct undertaken by the six named Defendants. Generally, the Reyeses allege that: Defendants did not fully disclose the terms of the loan; Defendants sold the Reyeses a loan they could not afford; Defendants failed to draft and explain the loan to the Reyeses in their native language of Tagalog; and Defendants fraudulently foreclosed on the Reyeses' home.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to

---

[4] Plaintiffs identify Defendant MERS as a "beneficiary." Compl. ¶ 13.

3

state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). A pro se plaintiff is entitled to a most liberal amendment policy. Eldridge v. Block, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

4

DISCUSSION

The Reyeses allege twenty-nine causes of action,[5] ten of which implicate federal law.[6] The Court will consider only these ten causes of action. In the event the Reyeses do not sufficiently allege a federal claim, the Court will remand the remaining state claims to state court.

I. Truth in Lending Act (TILA)

In their fifth, ninth, twelfth, and twenty-eighth claims, the Reyeses allege violations of TILA, 15 U.S.C. §§ 1601 et seq. The Reyeses bring these claims against all Defendants and allege generally that unspecified Defendants failed to provide them with accurate material disclosures relating to the origination of their loans. Because TILA assigns the task of making these disclosures to creditors, 15 U.S.C. § 1631, the Court determines that the Reyeses' TILA claims apply only to Defendant WMC. Accordingly,

---

[5] Plaintiffs' complaint is a widely used form complaint. Almost identical complaints were submitted in Ancheta v. Golden Empire Mortg., Inc., 2011 WL 826177 (N.D. Cal.); Dorado v. Shea Homes Ltd. P'ship, 2011 WL 3875626 (E.D. Cal.); and Justo v. Charter Capital Corp., 2011 WL 2559811 (N.D. Cal.). This Court finds Judge Koh's approach and reasoning in Ancheta persuasive.

[6] In their third claim, the Reyeses refer briefly to the federal Bankruptcy Code, title 11 U.S.C. § 544. Section 544(b) pertains to the power of a trustee in a bankruptcy case to "avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim." Because 11 U.S.C. § 544 is inapplicable to this case, this claim is DISMISSED without leave to amend.

the Court DISMISSES without leave to amend the Reyeses' TILA claims against Defendants Ocwen, Wells Fargo, and MERS.

The purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." Yamamoto v. Bank of N.Y., 329 F.3d 1167, 1169 (9th Cir. 2003) (citing 15 U.S.C. § 1601(a)). If required disclosures are not made, the consumer has two remedies: 1) recover damages, 15 U.S.C. § 1640; or 2) seek to rescind the loan, 15 U.S.C. § 1635(a).

A. TILA Damages

A damages claim for a TILA violation must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The statutory period generally runs from the date the loan transaction was consummated. Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003). Here, the Reyeses entered into the loan agreement with Defendant WMC on January 8, 2004, so any damages claim for a TILA violation expired on January 8, 2005. The Reyeses did not file this action until March 22, 2011, more than seven years after the consummation of their loan transaction. Thus, the Reyeses' TILA damages claim is barred.

The Reyeses argue that the statute of limitations should be equitably tolled. Equitable tolling may be appropriate when the borrower, using reasonable diligence, might not have had an opportunity to discover the fraud or non-disclosures on the part

6

of the loan originator at the time that the loan was consummated. Meyer, 342 F.3d at 902. Here, the Reyeses allege that they were never given a complete loan document package needed to conduct their own due diligence. They allege that some of the pertinent disclosures they did not receive were a Truth-in-Lending disclosure statement and a notice of their right to a copy of their appraisal report. Comp. ¶ 135. Moreover, the Reyeses allege that, when they called the bank to learn "exactly how their loan functions and adjusts," the representative at Crestline and WMC "painted a very rosy picture."[7] Id. at ¶ 136. The representative "convinced [the Reyeses] that they were more than able to afford the home they were applying for" and failed to explain that the initial payment structure was only temporary and that their payments would soon go up dramatically. Id. The Reyeses claim that "it wasn't till only recently when [their] payments changed dramatically that they realized what they had gotten themselves into." Id.

The Reyeses' allegations support their argument for equitable tolling, but they are not sufficient to support tolling from January 8, 2005 to their filing date of March 22, 2011. The Reyeses argue that they did not know the actual terms of their loans until "only recently" when their payments "changed dramatically," but they fail to specify when that occurred. Id.

---

[7] The Reyeses identify Crestline as their mortgage broker; they do not identify whose representative they called.

7

The Reyeses fell behind on their payments and defaulted on their loan in September 2009. Thus it is reasonable to infer that they must have become aware of the actual terms of their loan by that point. See Def. Wells Fargo's RJN, Ex. 5. In that case, the TILA damages claim would still be barred by the one-year statute of limitation.

Because the Reyeses do not allege adequate facts to establish that their TILA damages claim against Defendant WMC should be equitably tolled to the filing date of March 22, 2011, the Court DISMISSES this claim with leave to amend to establish a sufficient basis for equitable tolling.

B.  TILA Rescission

In their fifth, ninth, twelfth, and twenty-eighth claims, the Reyeses allege that they are entitled to rescind their loan transaction under TILA. The Reyeses' argument fails for two reasons.

First, rescission of a residential purchase money mortgage transaction is not an available remedy under TILA. Section 1635(e) states that "a residential mortgage transaction," as defined in 15 U.S.C. § 1602(w), is not subject to rescission. Section 1602(w) defines a "residential mortgage transaction" as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or

8

initial construction of such dwelling." Here, the Reyeses entered into a residential purchase money mortgage transaction, secured by two deeds of trust, with the express purpose to "own the Property." See Comp. ¶ 39; Def. Wells Fargo's RJN, Exs. 1-2. The Reyeses do not have a statutory right under TILA to rescind their residential purchase money mortgage transaction. See Washington v. Nat'l City Mortg. Co., 2011 WL 1842836, at *6 (N.D. Cal.); Lee v. BAC Home Loans Servicing, LP, 2011 WL 794942, at *3 (E.D. Cal.); Saldate v. Wilshire Credit Corp., 268 F.R.D. 87, 96 (E.D. Cal. 2010).

Second, even if rescission of a residential purchase money mortgage transaction was an available remedy under TILA, the right to rescind under TILA expires when the subject property is sold. See 15 U.S.C. § 1635 ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first."). Here, the Reyeses' property has been sold. Def. Wells Fargo's RJN, Ex. 7. Thus, the Reyeses have no right of rescission under TILA.

Because any amendment would be futile, the Reyeses' claim for rescission under TILA is DISMISSED without leave to amend.

II. Fair and Accurate Credit Transactions Act of 2003 (FACTA)

In their eleventh cause of action, the Reyeses allege a violation of section 212(b) of FACTA, which amended the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. The Reyeses bring

9

this claim against all Defendants and allege generally that unspecified Defendants violated FACTA by not revealing to them the "credit scores used in the determination of approval of [their] loan." See Comp. at ¶ 173. Defendants argue that FACTA does not apply to them.[8] This argument is correct only with respect to Defendants Ocwen, Wells Fargo and MERS, because FACTA applies only to consumer reporting agencies and certain mortgage lenders. 15 U.S.C. § 1681g(f) and (g).[9] Accordingly, the Court DISMISSES without leave to amend the Reyeses' FACTA claim against Defendants Ocwen, Wells Fargo, and MERS.

The Reyeses' FACTA claim may apply to Defendant WMC. See 15 U.S.C. § 1681g(g). However, even if this were the case, the Reyeses' FACTA violation claim would nonetheless be barred. Claims of FACTA violations must be brought within two years of the date of discovery of the violation. 15 U.S.C. § 1681. The statutory period presumptively runs from the date the loan transaction was consummated, because by that point it should be clear to a borrower whether or not a credit score disclosure was made. Ancheta v. Golden Empire Mortg., Inc., 2011 WL 826177 (N.D.

---

[8] In support of this argument, Defendants cite Kakogui v. American Brokers Conduit, 2010 WL 1265201, *5 (N.D. Cal.), which held that FACTA does not require lenders, brokers, loan servicers and assignees to make credit scoring information available to borrowers. Like the Reyeses, the plaintiff in Kakogui alleged a violation of section 212(b) of FACTA.

[9] The application of FACTA to certain mortgage lenders was made possible by section 212(c) of FACTA, not section 212(b), as alleged by the Reyeses.

10

Cal.) (citing Hawkins v. First Horizon Home Loans, 2010 WL 4823808 (E.D. Cal.)).

Here, the Reyeses entered into the loan agreement with Defendant WMC on January 8, 2004 and, thus, any damages claim for a FACTA violation expired on January 8, 2006. However, because the Reyeses' non-disclosure claim under FACTA is similar to their non-disclosure claim under TILA, application of the equitable tolling doctrine to the Reyeses' FACTA claim would be similarly appropriate. Id. Accordingly, the Court DISMISSES this claim with leave to amend to establish a sufficient argument for a FACTA violation and equitable tolling. The Reyeses must allege a violation of the relevant FACTA section. Additionally, the Reyeses must specify when they found out that the required credit disclosure was not made and "present some 'evidence of undisclosed credit terms, or of fraudulent concealment or other action on the part of [the loan originator] that prevented' [them] from discovering [their] claim" at an earlier time. Id. (citing Meyer v. Ameriquest Mortg. Co., 342 F.3d 899 (9th Cir. 2003)).

III. Real Estate Settlement Procedures Act of 1974 (RESPA)

In their tenth, twenty-first and twenty-fourth claims, the Reyeses bring claims under RESPA against all Defendants, 12 U.S.C. 2601 et seq. The purpose of RESPA is to ensure that home buyers "are provided with greater and more timely information on the nature and costs of the settlement process and are protected from

unnecessarily high settlement charges caused by certain abusive practices."  12 U.S.C. § 2601(a).

A.   12 U.S.C. § 2603

In their tenth claim, the Reyeses implicitly allege a violation of section 2603 of RESPA.  This section requires lenders to provide borrowers with a settlement statement to "clearly itemize all charges imposed upon the Borrower" prior to settlement of the subject real estate.  12 U.S.C. § 2603.

The Reyeses allege that they "never received a Settlement Statement prior to close of escrow or an offer to receive one prior to escrow."  Comp. ¶ 169.  The Reyeses argue that Defendants' failure to provide them with this statement triggered an extended right to rescind their loan.  Id. at 168.  This argument fails for two reasons.  First, unlike other sections of RESPA which explicitly grant private rights of action,[10] there does not appear to be a private right of action available to plaintiffs under 12 U.S.C. § 2603.  See Davenport v. Litton Loan Servicing, LP, 725 F. Supp. 2d 862, 874 (N.D. Cal. 2010) (citing Bloom v. Martin, 865 F. Supp. 1377 (N.D. Cal. 1994)).  Second, the Reyeses' loan no longer exists because their property was sold.  Thus, there is nothing to rescind.  Because any amendment would be

---

[10] See e.g. 12 U.S.C. § 2607.

12

futile, the Reyeses' claim for rescission under RESPA is DISMISSED without leave to amend.

B. 12 U.S.C. § 2607

In their twenty-first and twenty-fourth claims, the Reyeses allege violations of RESPA's provisions prohibiting kickbacks and unearned fees. 12 U.S.C. § 2607. The Reyeses allege the following:

> DEFENDANTS were paid unearned fees, which were hidden from Plaintiffs in the form of a Yield Spread Premium which increased the interest rate of the Plaintiffs, whereby a windfall for DEFENDANTS was created, the extent resulting in DEFENDANTS receiving a windfall of "buy back fees" over the life of the loan.

Compl. ¶ 243. A two-part test developed by the Department of Housing and Urban Development (HUD) is used to determine whether or not a fee violates section 2607 of RESPA. See Ancheta, 2011 WL 826177 at *5 (citing Geraci v. Homestreet Bank, 347 F.3d 749, 751 (9th Cir. 2003)). The test asks (1) whether goods or facilities were actually furnished or services were actually performed for the compensation paid; and (2) whether the payments are reasonably related to the value of the goods or facilities that were actually furnished or services that were actually performed. Id. The Reyeses fail to allege specific facts to support their RESPA claim

13

under 12 U.S.C. § 2607. The Reyeses, for example, do not specify what Yield Spread Premium fees Defendants charged them.[11]

Additionally, the Reyeses' RESPA claim is time-barred. Any claim for a violation of section 2607 must be brought within one year from the date of the violation. 12 U.S.C. § 2614. Here, the Reyeses' loan transaction was consummated on January 8, 2004, so any claim for a violation would have expired on January 8, 2005. Because it might be possible for the Reyeses to allege equitable tolling of this claim, see Ancheta, 2011 WL 826177 at *4, the claim is DISMISSED with leave to amend to state a sufficient basis for a RESPA violation and equitable tolling. Plaintiffs must specify which Defendants charged them Yield Spread Premium fees and in what amounts. Additionally, Plaintiffs must specify when and how they found out about the violation and explain the delay in bringing their claim.

IV. Racketeer Influenced and Corrupt Organizations Act (RICO)

In their fourteenth claim, the Reyeses allege a violation of RICO, 18 U.S.C. § 1962,[12] by all Defendants, stemming from alleged violations of California's Unfair Competition Law and the securitization of their loan. The Reyeses allege that Defendants

---

[11] In the "Factual Allegations" section of their complaint, the Reyeses allege that Defendant WMC was responsible for and benefited from the Yield Spread Premium fees. Comp. ¶¶ 51, 54. However, the Reyeses later allege that unspecified Defendants were behind these fees.

[12] The Reyeses do not identify which provision of RICO Defendants allegedly violated.

14

worked closely together and committed mail fraud, wire fraud and securities fraud.

Federal Rule of Civil Procedure 9(b) "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme. The Ninth Circuit has repeatedly insisted that this rule be followed in RICO actions alleging the predicate act of mail fraud." Id. (quoting Lancaster Community Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir. 1991)). Here, the Reyeses fail to distinguish among any of the Defendants and to provide specific facts indicating how they were defrauded by each Defendant. Thus, the Reyeses fail to satisfy the heightened pleading requirements for a RICO claim based on fraudulent acts. To cure these pleading defects, the Reyeses' RICO claim is DISMISSED with leave to amend.

V.  Home Ownership and Equity Protection Act of 1994 (HOEPA)

In their twenty-eighth claim, the Reyeses refer briefly to HOEPA, which amended TILA by establishing requirements for certain loans with high rates or high fees. 15 U.S.C. § 1639. The Reyeses argue that the alleged wrongful foreclosure of their home violated HOEPA, but they fail to allege sufficient facts to make out a claim under HOEPA or explain how a claim under HOEPA might arise. Thus, the Reyeses' HOEPA claim is DISMISSED with leave to amend.

15

VI. Lis Pendens

Defendants move to expunge the lis pendens placed by Plaintiffs on the property. California Code of Civil Procedure § 405.31 states that "the court shall order the notice expunged if the court finds that the pleading on which the notice is based does not contain a real property claim." A "real property claim" refers to a cause of action "which would, if meritorious, affect title to, or the right to possession of, specific real property." Cal. Code Civ. Pro. § 405.4. The Reyeses' state law claims for Quiet Title, Wrongful Foreclosure, and determination of the nature and extent of the lien are claims which would affect the title to, or right to possession of, the property at issue, thus making them real property claims. Because the Reyeses bring real property claims, the Court DENIES without prejudice Defendants' motion to expunge the lis pendens as premature (Docket No. 43).

## CONCLUSION

For the foregoing reasons, the Reyeses' federal claims are DISMISSED. The following claims are dismissed without leave to amend:

(1) claim under the federal Bankruptcy Code, title 11 U.S.C. § 544, against all Defendants.

(2) claims for rescission under TILA and RESPA against all Defendants.

(3) claims for damages under TILA against Defendants Ocwen, Wells Fargo, and MERS.

16

(4) claim under FACTA against Defendants Ocwen, Wells Fargo, and MERS.

The following claims are DISMISSED with leave to amend:

(1) claim for damages under TILA against Defendant WMC.

(2) claim under FACTA against Defendant WMC.

(3) claim under section 2607 of RESPA against all Defendants.

(4) claim under RICO against all Defendants.

(5) claim under HOEPA against all Defendants.

If the Reyeses choose to file an amended complaint, they must do so within two weeks from the date of this Order. If the Reyeses fail to file an amended complaint within this time period, their federal claims will be dismissed for failure to prosecute and their remaining state claims will be remanded to state court.

IT IS SO ORDERED.

Dated: 3/28/2012

_____
CLAUDIA WILKEN
United States District Judge

17