IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE REYES, an individual; LOURDES SANTOS-REYES, an individual, | No. C 11-01988 CW |
| | ORDER GRANTING DEFENDANTS' |
|       Plaintiffs, | MOTIONS TO DISMISS THE FEDERAL CLAIMS |
|    v. | AND REMANDING ACTION TO SANTA |
| WMC MORTGAGE CORPORATION, a California Corporation; OCWEN LOAN SERVICING LLC, a Delaware Limited Liability Company; WELLS FARGO BANK, N.A.; T.D. SERVICE COMPANY, a Business Entity, form unknown; CRESTLINE FINANCIAL & MARKETING SERVICE, a Business Entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation, | CLARA COUNTY SUPERIOR COURT |
|       Defendants. | |
| _____/ | |

INTRODUCTION

Defendants Ocwen Loan Servicing, LLC; Wells Fargo Bank, N.A., as Trustee for the Pooling and Servicing Agreement Dated as of June 1, 2004 Merrill Lynch Mortgage Investors Trust Mortgage Loan Asset-Backed Certificates, Series 2004-WMC4, erroneously sued as Wells Fargo Bank, N.A.; and Mortgage Electronic Registration Systems, Inc. (MERS) have filed motions to dismiss the first amended complaint (1AC) pursuant to Federal Rule of Civil Procedure 12(b)(6), to expunge the lis pendens, and to strike the sixth cause of action.  Defendant WMC Mortgage Corporation has filed a separate motion to dismiss the 1AC.  Plaintiffs Jose Reyes

and Lourdes Santos-Reyes, appearing pro se, oppose these motions.[1]
All Defendants replied.  The Court finds the matters suitable for
decision without oral argument.  Having considered the relevant
legal authority and the papers filed by the parties, the Court
GRANTS the motions to dismiss the federal claims (Docket Nos. 70 &
73), DENIES the motion to strike as moot (Docket No. 76), and
DENIES the request to expunge the lis pendens (Docket No. 75).
The Court declines to exercise supplemental jurisdiction over the
remaining state law claims and remands the action.

                          BACKGROUND

     On January 8, 2004, Plaintiffs obtained two loans from
Defendant WMC Mortgage Corporation to purchase real property
located at 2613 Glen Harwick Court, San Jose, California.  Defs.'
Request for Judicial Notice (RJN), Exs. 1 & 2.[2]  The first loan
was a $448,000 adjustable rate loan secured by a first Deed of
Trust (1DOT).  RJN, Ex. 1.  The second Deed of Trust (2DOT)
secured a $112,000 loan with a balloon payment.  RJN, Ex. 2.  Only
the first mortgage secured by the 1DOT is at issue in this action.

---

[1] Plaintiffs' briefs in opposition to the motions to dismiss
exceed the page limit set by Civil Local Rule 7-4(b).  See Docket
Nos. 80 (Pls.' Opp. to WMC Mot. Dismiss, erroneously titled as
Opp. to Defendants Ocwen, Wells Fargo and MERS's Mot. Dismiss) and
Docket No. 82 (Pls.' Opp. to Mot. Dismiss of Ocwen, et al.,
erroneously titled as Opposition to WMC's Mot. Dismiss).
Nonetheless, the Court accepts the briefs.

[2] The Court overrules Plaintiffs' objection to the Request
of Defendants Ocwen, Wells Fargo and MERS for Judicial Notice and
grants Defendants' request for judicial notice of matters of
public record.  (Docket No. 74.)  See Mir v. Little Co., 844 F.2d
646, 649 (9th Cir. 1988) (a court may take judicial notice of
matters of public record without converting motion to dismiss into
motion for summary judgment).

1AC ¶ 16.  Defendant MERS is the original beneficiary under the 1DOT.  1AC ¶ 12; RJN, Ex. 1.  Defendant Ocwen is the loan servicer on the mortgage.  1AC ¶ 8.

On September 10, 2009, MERS, as nominee for WMC, assigned all beneficial interest in the 1DOT to Wells Fargo as trustee under a pooling and servicing agreement.  RJN, Ex. 3.  On September 11, 2009, T.D. Service Company was substituted as the trustee under the 1DOT.  RJN, Ex. 4.  On September 23, 2009, a notice of default, based on the amount of $21,245.62 of past due mortgage payments, was recorded in the Santa Clara County Recorder's Office.  RJN, Ex. 5.  On December 24, 2009, a notice of trustee's sale was recorded for the 1DOT.  RJN, Ex. 6.  Three days later, on December 27, 2010, Wells Fargo purchased the property at the trustee's sale and a notice of trustee's deed upon sale was recorded.  RJN, Ex. 7.

On March 22, 2011, Plaintiffs filed this action in Santa Clara County Superior Court.  On April 22, 2011, Defendants Ocwen, Wells Fargo and MERS removed the action.  On August 2, 2011, Plaintiffs recorded a notice of pendency of action (lis pendens). RJN, Ex. 10.  On September 27, 2011, the state court entered a judgment of possession against Plaintiffs in favor of Wells Fargo, then entered a writ of possession against Plaintiffs in favor of Wells Fargo on September 28, 2011.  RJN, Exs. 8, 9.

Defendants Ocwen, Wells Fargo, and MERS filed motions to dismiss the complaint here and to expunge the lis pendens; WMC also filed a motion to dismiss the complaint.  Defendants T.D. Service Company and Crestline Financial & Marketing Service have not appeared in this action.  By order entered March 28, 2012, the

1  Court granted Defendants' motions to dismiss, granting leave to

2  amend certain federal claims, and denied Defendants' motion to

3  expunge the lis pendens.

4      Plaintiffs filed the 1AC on April 13, 2012.  Defendants

5  subsequently filed the motions at issue, which are now fully

6  briefed and submitted.

7                        LEGAL STANDARD

8      A complaint must contain a "short and plain statement of the

9  claim showing that the pleader is entitled to relief."  Fed. R.

10 Civ. P. 8(a).  On a motion under Rule 12(b)(6) for failure to

11 state a claim, dismissal is appropriate only when the complaint

12 does not give the defendant fair notice of a legally cognizable

13 claim and the grounds on which it rests.  Bell Atl. Corp. v.

14 Twombly, 550 U.S. 544, 555 (2007).  In considering whether the

15 complaint is sufficient to state a claim, the court will take all

16 material allegations as true and construe them in the light most

17 favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d

18 896, 898 (9th Cir. 1986).  However, this principle is inapplicable

19 to legal conclusions; "threadbare recitals of the elements of a

20 cause of action, supported by mere conclusory statements," are not

21 taken as true.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

22 (citing Twombly, 550 U.S. at 555).

23     When granting a motion to dismiss, the court is generally

24 required to grant the plaintiff leave to amend, even if no request

25 to amend the pleading was made, unless amendment would be futile.

26 Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911

27 F.2d 242, 246-47 (9th Cir. 1990).  A pro se plaintiff is entitled

28

United States District Court
For the Northern District of California

to a most liberal amendment policy.  <u>Eldridge v. Block</u>, 832 F.2d
1132, 1135-37 (9th Cir. 1987).

In determining whether amendment would be futile, the court
examines whether the complaint could be amended to cure the defect
requiring dismissal "without contradicting any of the allegations
of [the] original complaint." <u>Reddy v. Litton Indus., Inc.</u>, 912
F.2d 291, 296 (9th Cir. 1990).  The court may deny leave to amend
for "repeated failure to cure deficiencies by amendments
previously allowed." <u>McGlinchy v. Shell Chem. Co.</u>, 845 F.2d 802,
809-10 (9th Cir. 1988).

DISCUSSION

In the March 28, 2012 order granting the earlier motions to
dismiss, the Court limited its ruling to the sufficiency of the
allegations supporting Plaintiffs' federal causes of action and
granted leave to amend the following five claims: (1) claim for
damages under the Truth in Lending Act (TILA) against Defendant
WMC; (2) claim under the Fair and Accurate Credit Transactions Act
of 2003 (FACTA) against Defendant WMC; (3) claim under section
2607 of the Real Estate Settlement Procedures Act of 1974 (RESPA)
against all Defendants; (4) claim under the Racketeer Influenced
and Corrupt Organizations Act (RICO) against all Defendants;
(5) claim under the Home Ownership and Equity Protection Act of
1994 (HOEPA) against all Defendants.

The Court limits its analysis to determining whether
Plaintiffs have sufficiently plead those particular federal claims
after being given leave to amend the complaint.

**United States District Court**
For the Northern District of California

I.    Truth in Lending Act (TILA)

The Court previously dismissed all of Plaintiffs' TILA claims against Defendants Ocwen, Wells Fargo, and MERS with prejudice. In dismissing the TILA claims against WMC, the Court dismissed the TILA claims for rescission with prejudice, and granted leave to amend only the TILA damages claim against WMC, pursuant to 15 U.S.C. § 1640, to establish a sufficient basis for equitable tolling of the one-year statute of limitations.  15 U.S.C. § 1640(e).  See Order at 8.

The third cause of action in the operative complaint alleges that WMC violated TILA by failing to provide Plaintiffs with accurate material disclosures required by the statute.  1AC ¶ 120. As the Court determined in its previous order, Plaintiffs entered into the loan agreement with Defendant WMC on January 8, 2004, so the limitations period for bringing any damages claim for a TILA violation expired on January 8, 2005.  Plaintiffs have amended the complaint to allege that the limitations period was tolled "due to DEFENDANTS' failure to effectively provide the required disclosures and notices" regarding the annual percentage rate, finance charge, amount financed, total payments or payment schedule.  1AC ¶ 123.  These general allegations are not sufficient to support tolling from January 8, 2005 to the date they filed their action on March 22, 2011.

The Court specifically noted in its previous order that Plaintiffs fell behind on their payments and defaulted on their loan in September 2009.  See RJN, Ex. 5.  The Court ruled that it is reasonable to infer that Plaintiffs must have become aware of the actual terms of their loan at least by that point, and

dismissed the TILA claim as time-barred with leave to amend to
allege facts supporting equitable tolling through the date of
filing the complaint.  Order at 8.  Plaintiffs have failed to
allege additional facts to support equitable tolling after
September 2009, and the TILA claim for damages is dismissed as
time-barred by the one-year statute of limitations.

II.  Fair and Accurate Credit Transactions Act of 2003 (FACTA)

     In the sixth cause of action, the 1AC alleges a claim against
all Defendants for failing to disclose credit scores in violation
of section 212(b) of FACTA, Pub. L. No. 108-159, 117 Stat. 1952
(Dec. 4, 2003), which amended the Fair Credit Reporting Act, 15
U.S.C. § 1681 et seq.  The Court previously dismissed the claim
with prejudice as to Defendants Ocwen, Wells Fargo and MERS, and
dismisses the claim that is realleged in the 1AC against those
Defendants.

     The Court also dismissed the claim against WMC in the
original complaint, with leave to amend the allegations to
establish a FACTA violation and equitable tolling.  The Court held
that Plaintiffs entered into the loan agreement with Defendant WMC
on January 8, 2004, and that, under the applicable two-year
statute of limitations, any damages claim for a FACTA violation
expired on January 8, 2006.  See 15 U.S.C. § 1681.  The Court
reasoned that the statutory period presumptively runs from the
date the loan transaction was consummated, because by that point
it should be clear to a borrower whether or not a credit score
disclosure was made.  Order at 10.  The Court granted Plaintiffs
leave to amend to allege a violation of the relevant FACTA

section, and to allege facts to support equitable tolling of the statute of limitations.

In support of the amended FACTA claim, the operative complaint alleges that "WMC never revealed to PLAINTIFFS, any credit scores used in determination of approval of this loan, in violation of this section."  1AC ¶ 143.  These allegations, taken as true, do not demonstrate that the FACTA claim is timely.  The sixth claim is therefore dismissed with prejudice as time-barred.

In light of the dismissal of the FACTA claim, the motion of Defendants Ocwen, Wells Fargo and MERS to strike the sixth cause of action is denied as moot.  (Docket No. 76.)

III. Real Estate Settlement Procedures Act of 1974 (RESPA)

In the order on Defendants' earlier motions to dismiss, the Court dismissed with prejudice the claims against all Defendants for rescission based on alleged RESPA violations.  The Court dismissed the RESPA claims for damages alleging kickbacks and unearned fees with leave to amend to state a sufficient basis for a RESPA violation and equitable tolling.

The fourteenth cause of action under RESPA reiterates the allegations asserted in the original complaint for violation of 12 U.S.C. § 2607:

> Here, DEFENDANTS were paid unearned fees, which were hidden from Plaintiffs in the form of a Yield Spread Premium which increased the interest rate of the Plaintiffs, whereby a windfall for DEFENDANTS was created, the extent resulting in DEFENDANTS receiving a windfall of "buy back fees" over the life of the loan.

1AC ¶ 195.  See Compl. ¶ 243.  The Court held that these allegations were insufficient to support a claim for violation of § 2607, and found that the complaint failed to specify what yield

United States District Court
For the Northern District of California

spread premium fees Defendants allegedly charged, and in what
amounts.  Order at 14.  The Court further held that the RESPA
claim was time-barred under the one-year statute of limitations,
and granted leave to allege a basis for equitable tolling.  Id.
The amended pleading fails to cure these deficiencies.  The
fourteenth cause of action alleging RESPA violations is therefore
dismissed with prejudice.

IV.  No Remaining Federal Claims

The Court dismissed the claims under RICO and HOEPA from the
complaint with leave to amend.  The RICO claim is not realleged in
the 1AC.  Plaintiffs allege generally that Defendants engaged in
deceptive loan practices in violation of HOEPA in support of their
first cause of action for declaratory relief, but do not allege
sufficient facts to make out a claim under HOEPA, or explain how a
claim under HOEPA might arise, to assert a claim for relief.  1AC
¶ 96.  See Order at 15.  The declaratory relief cause of action
also asserts a claim for rescission under regulations promulgated
under TILA, which do not apply to residential mortgage
transactions, see 12 C.F.R. § 226.23(f)(1) (residential mortgage
exemption from right to rescind), and violations of unspecified
provisions of the Federal Trade Commission Act, 15 U.S.C. §§ 41-
58, which do not provide a private right of action, see Carlson v.
Coca-Cola Co., 483 F.2d 279, 280 (9th Cir. 1973) ("The protection
against unfair trade practices afforded by the Act vests initial
remedial power solely in the Federal Trade Commission.").  Having
determined that the 1AC fails to allege sufficient claims under
federal law, the Court strikes the allegations of violations of
federal law from the first cause of action for declaratory relief.

United States District Court
For the Northern District of California

See 1AC ¶ 96.  Because the declaratory relief claim also asserts

violations of state law, the Court denies without prejudice

Defendants' motion to dismiss the first cause of action.

The fourth and fifth causes of action of the 1AC reallege the

previously dismissed claims for rescission against all Defendants

based on alleged violations of material disclosure requirements

under TILA and RESPA.  1AC ¶ 132 (alleging violation of 12 C.F.R.

§ 226.23) and ¶ 138 (alleging violation of 24 C.F.R. § 3500.10).

See Order at 8-9, 12-13.  These rescission claims are dismissed

again with prejudice.  To the extent that the seventh cause of

action for rescission alleges violations of TILA and regulations

promulgated under TILA and RESPA, those allegations are stricken

from the 1AC pursuant to Federal Rule of Civil Procedure 12(f).

See 1AC ¶ 145(1) and (2); ¶ 146.

V.   Lis Pendens

Defendants move to expunge the lis pendens placed by

Plaintiffs on the property.  See Cal. Code Civ. Proc. § 405.31

("the court shall order the notice expunged if the court finds

that the pleading on which the notice is based does not contain a

real property claim.").  The 1AC alleges claims under state law

for quiet title and other grounds for challenging title to, or the

right to possession of, the property at issue.  Because the 1AC

purports to allege real property claims, the Court DENIES without

prejudice Defendants' motion to expunge the lis pendens (Docket

No. 75).

VI.  Remand

Having dismissed the federal claims, the Court declines to

exercise supplemental jurisdiction over the remaining state law

United States District Court
For the Northern District of California

claims and remands the action to the Superior Court for the County
of Santa Clara.

Defendants removed this action pursuant to the Court's
federal question jurisdiction.  See Notice of Removal ¶ 11.
Because claims under federal law are dismissed, the exercise of
supplemental jurisdiction over Plaintiffs' remaining state law
claims is no longer necessary.  28 U.S.C. § 1367(c)(3).

This action was removed in its early stages, and no factors
weigh in favor of the Court exercising supplemental jurisdiction
over Plaintiffs' state law claims.  See Acri v. Varian Associates,
Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).  Thus, the
Court declines to do so and sua sponte remands the action to Santa
Clara County Superior Court.  Harrell v. 20th Century Ins. Co.,
934 F.2d 203, 205 (9th Cir. 1991) (stating that, after dismissal
of all federal claims in an action, "it is generally preferable
for a district court to remand remaining pendent claims to state
court") (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350
n.7 (1988)).

CONCLUSION

For the foregoing reasons, the motions to dismiss are GRANTED
with respect to the federal claims, and the third through sixth
and the fourteenth causes of action are DISMISSED WITH PREJUDICE.
Further, the allegations of violations of federal law are stricken
from the first and seventh causes of action.  Defendants' motion
to strike the sixth cause of action is DENIED AS MOOT.  With
respect to the remaining claims arising under state law, the Court
declines to exercise supplemental jurisdiction.  The action is
REMANDED to the Santa Clara County Superior Court.

1     The Clerk shall transfer the file to Santa Clara County
2  Superior Court and close the action.

3

4     IT IS SO ORDERED.

5

6  Dated: 10/26/2012

7

8                                    _____
                                     CLAUDIA WILKEN
9                                    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28